UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL ANTONIO GUZMAN-DEARCO

v.                                    Case No. 8:05-cr-381-T-24MSS
                                               8:07-cv-1868-T-24MSS

UNITED STATES OF AMERICA.

_____

O R D E R

On October 12, 2007, Defendant Guzman-Dearco filed a document which the Court construe to be a 28 U.S.C. § 2255  motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-150). However, the construed 28 U.S.C. § 2255 motion to vacate was not in substantially the form annexed to the Rules Governing Section 2255 motions and the Court denied the motion to vacate without prejudice to Guzman-Dearco's filing an amended motion to vacate on or before November 6, 2007.

On November 3, 2007, Guzman-Dearco filed a document entitled "Petition for Redress of Grievances in Response to Court Order" [to file an amended 2255 motion to vacate]. (Doc. cv-4). In this filing, Guzman-Dearco contends that this Court should not have construed his original filing as a 2255 motion because the filing was a "Petition for a Writ of Habeas Corpus Ad Subjiciendum."  Guzman-Dearco objects to being required to file an amended motion to vacate and demands immediate release unless the Government "can

show proof that the offenses alleged to have been committed are found in the enumerations of the United States Constitution" (Doc. cv-4 at p. 2).

In his original filing (Doc. cv-1), Guzman-Dearco contends that this Court did not have jurisdiction to sentence him because "the original jurisdiction of the United States Supreme Court" cannot be delegated and therefore, "the states of Florida, Georgia, Oklahoma and Louisiana; all being parties, the trial and sentencing was absent jurisdiction." Guzman-Dearco contends that he never had any intention of coming to the United States and that the Government did not have the authority to arrest Guzman-Dearco in international waters.

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Background

On November 22, 2005, Guzman-Dearco pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation or 46 Appendix, U.S.C. § § 1903(a), 1903(g) and 1903(j); 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § § 1903(a) & 1903(g); and 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two).  (Doc. cr-53, 128 [Transcript of Change of Plea Hearing]).  On March 20, 2006, the Court sentenced Guzman-Dearco to a total term of one hundred and thirty-five months incarceration as to

2

Counts One and Two of the Indictment. The sentences were concurrent to each other. Judgment was entered that same day. (Doc. cr-99).

On March 29, 2006, Guzman-Dearco filed a direct appeal. (Doc. cr-103). On appeal, Guzman-Dearco argued that "as a mere crew member on the vessel in question, he was entitled to a minor-role reduction. He further claim[ed] that the district court misapprehended its authority to depart downward from the Sentencing Guidelines on the basis of allegedly inhumane conditions of confinement."  (Doc. cr-142 at p. 2).  On November 29, 2007, the Eleventh Circuit affirmed Guzman-Dearco's conviction and sentence. (Doc. cr-142). Nothing in the record indicates that Guzman-Dearco filed a petition for writ of certiorari in the United States Supreme Court.

The present motion (Doc. cv-1; cv-4) challenging the jurisdiction of this Court is timely.

Discussion

Guzman-Dearco contends that the United States Coast Guard had no jurisdiction over him because his vessel, the Mira Picao was never in United States waters.  However, Guzman-Dearco pled guilty and agreed that he was aboard a vessel <u>subject to the jurisdiction of the United States</u> when the crimes occurred. (Doc. cr-128 at pp. 26-28). The United States' jurisdiction was based on the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. §§ 1903(a),(g), and (j).

The Piracies and Felonies Clause empowers Congress "To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. Art. I, § 8, cl.10. In enacting the MDLEA, Congress found and declared these things:  trafficking in controlled substances aboard vessels is a serious

3

international problem and is universally condemned. Moreover, such trafficking presents a specific threat to the security and societal well-being of the United States.  46 U.S.C. app. § 1902. The MDLEA provides, in relevant part, that "[i]t is unlawful for any person ... on board a vessel subject to the jurisdiction of the United States ... to possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. app § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. App. § 1903(c)(1)(A).

The MDLEA specifically provides that "Jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense.  All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." *United States v. Madera-Lopez*, 190 Fed. Appx. 832 (11th Cir. 2006) (citing 46 U.S.C. App. § 1903(f))).  The Eleventh Circuit has rejected constitutional challenges to the MDLEA. *See United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir.2003) (rejecting argument that MDLEA is unconstitutional because the conduct at issue lacks nexus to United States); *United States v. Mena*, 863 F.2d 1522, 1527 (11th Cir.1989) (rejecting a facial challenge to the MDLEA based on a lack of a "meaningful relationship" to the United States); *United States v. Tinoco*, 304 F.3d 1088, 1110 n. 21 (11th Cir.2002) (rejecting *United States v. Gaudin*, 515 U.S. 506 (1995) due process challenge to provision in MDLEA, 46 U.S.C. App. § 1903(f), which provides that "[a]ll jurisdictional issues arising under [the MDLEA] are preliminary questions of law to be determined solely by the trial judge" ).Under the MDLEA, the United States had jurisdiction over the Mar Picao and over Guzman-Dearco, and Guzman-Dearco's claim has no merit.

Accordingly,  the Court orders:

4

That Guzman-Dearco's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; 4) is denied. The Clerk is directed to enter judgment against Guzman-Dearco in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 26, 2007.

SUSAN C. BUCKLEW
United States District Judge

Raul Antonio Guzman-Dearco